244 P.3d 938 (2010)
STATE of Washington, Respondent,
v.
Gerald GUDGEL, Appellant.
No. 83821-6.
Supreme Court of Washington, En Banc.
Considered December 2, 2010.
Decided December 9, 2010.
Gerald Gudgel, Tonasket, WA, Pro Se.
Stephen Michael Bozarth, Okanogan County Prosecutor's Office, Okanogan, WA, for Respondent.
*939 PER CURIAM.
¶ 1 Over seven years after the Okanogan County Superior Court entered a judgment and sentence on his criminal convictions, Gerald Gudgel filed a CrR 7.8 motion for relief from the judgment. The superior court dismissed the motion, and Gudgel appealed directly to this court. We retain the appeal and affirm the dismissal of Gudgel's motion.
¶ 2 In July 2002 Gudgel was convicted of unlawful possession of a firearm, intimidating a public servant, and manufacturing a controlled substance. The convictions arose out of a visit by a building inspector and an Okanogan County sheriff's deputy to Gudgel's property to serve a stop work order. Gudgel threatened to get a firearm to convince the deputy and inspector to leave, which they did. The deputy then discovered that Gudgel was a convicted felon, and based on Gudgel's threat, he obtained a warrant to search the premises for a firearm. The search yielded several firearms and marijuana. Throughout the proceedings in this case, Gudgel has claimed that his wife videotaped the initial confrontation and that the videotape would show that the deputy was not legally on the property. He also claimed that the police seized the videotape during the search. We denied review of a Court of Appeals decision affirming Gudgel's convictions. State v. Gudgel, 154 Wash.2d 1011, 114 P.3d 1199 (2005).
¶ 3 In August 2009 Gudgel filed the present CrR 7.8 motion, again claiming that the State withheld the videotape in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[1] But the motion is subject to the one-year time limit on collateral attack under RCW 10.73.090(1). CrR 7.8(b). Gudgel has not shown that his judgment and sentence is facially invalid or was entered without competent jurisdiction, nor has he asserted a ground for relief exempt from the time limit under RCW 10.73.100. The motion is therefore time barred.
¶ 4 The superior court's dismissal of Gudgel's CrR 7.8 motion is affirmed.
NOTES
[1] Gudgel's first CrR 7.8 motion was transferred to the Court of Appeals for consideration as a personal restraint petition. The court dismissed the petition, and this court denied discretionary review. Ruling Den. Review, In re Pers. Restraint of Gudgel, No. 78560-1 (July 17, 2006).